## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OTTOMANSON INC.,**<br><br>     *Plaintiff*,<br><br>     v.<br><br>**AMERITU TRADING, INC. and WELL WOVEN, INC.**<br><br>     *Defendants.* | **CIVIL CAUSE NO.  2:21-cv-12177-JXN-JSA**<br><br>**JURY TRIAL REQUESTED** |

## SECOND AMENDED COMPLAINT

Plaintiff OTTOMANSON INC. ("Plaintiff") by and through its undersigned counsel, and files this Second Amended Complaint against Defendants AMERITU TRADING, INC. and WELL WOVEN, INC., and hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendants' unauthorized reproduction of original rug designs owned by Plaintiff and subsequent sale of rugs imprinted with the infringing designs. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendants because Defendants transact systematic and continuous business in New Jersey.

4.      In addition, the acts complained of herein occurred in this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 and/or §1400.

## PARTIES

6.      Plaintiff Ottomanson, Inc. (defined above as "Plaintiff"), is a for-profit corporation duly organized and existing under the laws of the State of New Jersey. Plaintiff's business is located at 100 Industrial Rd, Carlstadt, NJ 07072 and may be served with process through its undersigned counsel.

7.      Upon information and belief, Defendant Ameritu Trading, Inc., is a corporation duly organized and existing under the laws of the State of New Jersey, with a place of business at 1 Madison St Ste A, East Rutherford, NJ 07073. Defendant Ameritu Trading, Inc. may be served with process by and through its registered agent, Adem Ogunc, at its registered address at 5 Dwight Place, Fairfield, New Jersey 07004.

8.      Upon information and belief, Defendant Well Woven, Inc., is a corporation duly organized and existing under the laws of the State of New Jersey, with a place of business at 1 Madison St Ste A, East Rutherford, NJ 07073. Defendant Well Woven, Inc. may be served with process by and through its registered agent, Adem Ogunc, at its registered address at 5 Dwight Place, Fairfield, New Jersey 07004.

## STATEMENT OF FACTS

9.      Plaintiff owns and operates an import rug business in New Jersey that serves all states and territories of the United States. In the course of its business, Plaintiff developed and authored original designs to include on its rug products (the "Original Designs"). Rugs with the Original

Designs were manufactured by Plaintiff in Turkey and imported into the United States for sale herein.

10.    Plaintiff has been selling and marketing rugs with the Original Designs since 2013.

11.    Plaintiff is the author of the Original Designs and has at all times been the sole owner of all right, title and interest in and to the Original Designs, including the copyright thereto.

12.    Among Plaintiff's Original Designs is OTH2090, which is an original design comprising copyrightable subject matter under the laws of the United States.

13.    At all relevant times, Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in OTH2090. A photo of OTH2090 is attached as **Exhibit 1.**

14.    Since its creation, OTH2090 has been manufactured by Plaintiff, or under its authority.

15.    Among Plaintiff's Original Designs is OTH2092, which is an original design comprising copyrightable subject matter under the laws of the United States.

16.    At all relevant times, Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in OTH2092. A photo of OTH2092 is attached as **Exhibit 2.**

17.    Since its creation, OTH2092 has been manufactured by Plaintiff, or under its authority.

18.    Among Plaintiff's Original Designs is OTH2095, which is an original design comprising copyrightable subject matter under the laws of the United States.

19.    At all relevant times, Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in OTH2095. A photo of OTH2095 is attached as **Exhibit 3.**

20.    Since its creation, OTH2095 has been manufactured by Plaintiff, or under its authority.

21.    Plaintiff has received a Certificate of Registration from the Register of Copyrights for OTH2090, OTH2092, and OTH2095 (Certificate No. VA 2-091-573), a copy of which is attached as **Exhibit 4**.

22.    Plaintiff is informed and believes, and on that basis alleges, that defendants Ameritu Trading, Inc. ("Ameritu") and Well Woven, Inc. ("Well Woven") (collectively, "Defendants"), are designers, manufacturers and/or distributors of carpets and area rugs and are in the business of designing, manufacturing, marketing and selling carpets and area rugs.

23.    Plaintiff is informed and believes, and on that basis alleges, that Defendants sell carpets and area rugs to consumers within this Judicial District, and specifically markets its carpets and area rugs within this Judicial District.

24.    Plaintiff is informed and believes, and on that basis alleges, that Defendants had access to Plaintiff's Original Designs due to the prominence of Plaintiff's brand in general, and in particular, to the prominence of the Plaintiff's independently created Original Designs on the Amazon marketplace.

25.    The position of Plaintiff's brand in general, and the Original Designs in particular, relative to other brands, both organically and advertised, make it a target for copyright violators such as Defendants, and render it entirely implausible for Defendants to assert that they lacked access to Plaintiff's Original Designs and/or that the similarity in appearance and design between Plaintiff's Original Designs and Defendants' infringing designs could be coincidental and/or that Defendants independently created the infringing designs.

26.    Defendants' access to Plaintiff's Original Designs is demonstrated by the prominent ranking Plaintiff's Original Designs enjoy on the Amazon marketplace at all relevant times, and by the dominant place Plaintiff's Original Designs sit within the rug category relative to other

brands and related designs, therefore, the relevant circumstances preclude the possibility of Defendants' independent creation of the infringing designs given their similarity to Plaintiff's Original Designs, coupled with the circumstantial evidence of Defendants' access to Plaintiffs' Original Designs based upon their prominent and ubiquitous presence in the relevant Amazon online marketplace, which any competitor like Defendants would have known, been familiar with and/or have had access to.

27.    Moreover, and significantly, Rumi Durmaz, the principal of Plaintiff, mentored Adem Ogunc, Well Woven's owner, and the former personal and professional relationship between the parties' principals further supports Plaintiff's allegations that Defendants were familiar with and had access to Plaintiff's Original Designs given their prominent ranking on the Amazon Market place.

28.    From at least April 2021, Defendants have infringed upon Plaintiff's Original Designs by copying the original elements of the Plaintiff's copyrighted works, including, without limitation, appropriating and copying the combination of colors and shapes of Plaintiff's Original Designs, and selling infringing rugs on the Internet, including, without limitation, the Amazon online marketplace.

**<u>OTH2090</u>**

29.    Plaintiff has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute carpets and area rugs with designs that is substantially similar to the copyrighted designs of OTH2090, or any other copyrighted designs owned by Plaintiff.

30.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have engaged in the advertisement, manufacture, distribution, duplication and/or sale of carpets and area rugs with designs that are substantially similar to the copyrighted designs of OTH2090, and other

copyrighted designs owned by Plaintiff.

31.     Plaintiff became aware in April 2021 that Defendants unlawfully appropriated and copied the Original Designs and placed products that included exact copies of such Original Designs for sale on Amazon.com.

32.     A photo of at least one of these unauthorized and infringing designs ("Infringing Rug 1") is attached as **Exhibit 5.**

33.     For example, Defendants offered for sale and sold Infringing Rug 1, which infringes Plaintiff's copyright in OTH2090. A comparison of OTH2090 to the Infringing Rug #1 follows:




**Exhibit 1** - OTH2090                              **Exhibit 5** - Infringing Rug #1

**OTH2092**

34.     Plaintiff has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute carpets and area rugs with designs that is substantially similar to the copyrighted designs of OTH2092, or any other copyrighted designs owned by Plaintiff.

35.     Plaintiff is informed and believes, and on that basis alleges, that Defendants have engaged in the advertisement, manufacture, distribution, duplication and/or sale of carpets and area rugs with designs that are substantially similar to the copyrighted designs of OTH2092, and other copyrighted designs owned by Plaintiff.

36.     Plaintiff became aware in April 2021 that Defendants unlawfully appropriated and copied the Original Designs and placed products that included exact copies of such Original Designs for sale on Amazon.com.

37.     A photo of at least one of these unauthorized and infringing designs ("Infringing Rug #2"), is attached as **Exhibit 6.**

38.     For example, Defendants offered for sale and sold the Well Woven Jenni Ivory Botanical Floral Transitional Non-Slip Area Rug (defined above as "Infringing Rug #2"), which infringes Plaintiff's copyright in OTH2092. A comparison of OTH2092 to the Infringing Rug #2 follows:




**Exhibit 2 -** OTH2092                    **Exhibit 6** - Infringing Rug #2

**OTH2095**

39.    Plaintiff has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute carpets and area rugs with designs that is substantially similar to the copyrighted designs of OTH2095, or any other copyrighted designs owned by Plaintiff.

40.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have engaged in the advertisement, manufacture, distribution, duplication and/or sale of carpets and area rugs with designs that are substantially similar to the copyrighted designs of OTH2095, and other copyrighted designs owned by Plaintiff.

41.    Plaintiff became aware in April 2021 that Defendants unlawfully appropriated and copied the Original Designs and placed products that included exact copies of such Original Designs for sale on Amazon.com.

42.    A photo of at least one of these unauthorized and infringing designs ("Infringing Rug #3"), is attached as **Exhibit 7.**

43.    For example, Defendants offered for sale and sold Infringing Rug #3, which infringes Plaintiff's copyright in OTH2095. A comparison of OTH2095 to the Infringing Rug #3 follows:




**Exhibit 3** - OTH2095                    **Exhibit 7** - Infringing Rug #3

44.     Upon information and belief, Defendants have been infringing Plaintiff's Original Designs from a much earlier date.

45.     Additionally, Plaintiff was running online advertisements to market its rugs, which increased exposure for the Original Designs. However, Defendants undercut Plaintiff's prices and usurped the benefits of such online advertisements for their own gain.

46.     Upon such infringing activity, Plaintiff filed Digital Millennium Copyright Act ("DMCA") notices to the operators of such sites to have Defendants' infringing posts and products removed. However, Defendants have consistently found ways to work around such removals and restrictions and have continuously placed such products in commerce.

47.     On or about May 3, 2021, Plaintiff also sent a cease-and-desist letter to the Defendants, warning them of the infringement of the Original Designs and demanding they stop their infringing actions by May 10, 2021 at the latest. However, Defendants have not ceased their infringing

activities.

48.     Defendants did not license the Original Designs from Plaintiff for their products, nor did Defendant seek or secure Plaintiff's permission or consent to copy the Original Designs on their products.

49.     Upon information and belief, Defendants' infringing actions have reduced Plaintiff's sales of rugs with the copied Original Designs. Accordingly, Plaintiff has been damaged between $150 thousand and $200 thousand due to Defendants' infringement over the course of this period.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)
### (17 U.S.C. §§ 106, 501, 1202(b))

50.     Plaintiff incorporates by reference each and every allegation contained in the foregoing Paragraphs.

51.     Defendants infringed Plaintiff's copyright in the Original Designs by reproducing, using and publicly displaying the Original Designs on their webpages and various online retail accounts. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Original Designs.

52.     The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501, and 1202(b).

53.     Upon information and belief, the foregoing acts of infringement by Defendants have been willful, deliberate, intentional, malicious, oppressive, purposeful, and in disregard of and indifference to Plaintiff's rights.

54.     As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants'

profits pursuant to 17 U.S.C. § 504(b) for the infringement.

55.    Defendants' copyright infringement has caused, and will continue to cause Plaintiff to suffer, substantial injuries, loss, and damage to its proprietary and exclusive rights to the Original Designs and has damaged Plaintiff's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined. In addition, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts pursuant to 17 U.S.C. § 504.

56.    Alternatively, Plaintiff is entitled to statutory damages up to $150,000.00 per work infringed for Defendants' willful infringement of the Original Designs, pursuant to 17 U.S.C. § 504(c), and up to $25,000.00 per copy pursuant to 17 U.S.C. § 1203.

57.    Plaintiff further is entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

58.    Defendants' conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.    That Defendants be adjudged to have infringed upon Plaintiff's copyright(s) in the Original Designs in violation of 17 U.S.C §§ 106, 501, and 1202(b);

2.    That Defendants acted willfully;

3.    That the Defendants be enjoined and restrained from:

   a.    manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any carpets and area rugs that is in the possession of Defendants that is confusingly similar, or that is substantially similar to Plaintiffs' Original Designs;

b.  destroying any documents, electronic files, models, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such carpets and area rugs;

c.  engaging in any other activity constituting an infringement of Plaintiffs' Original Designs; and

d.  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

4.  That Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendants' profits, gains or advantages of any kind attributable to Defendants' infringement of Plaintiff's Original Designs; or (b) alternatively, statutory damages of up to $150,000.00 per copyrighted work infringed pursuant to 17 U.S.C. § 504 and up to $25,000.00 per copy pursuant to 17 U.S.C. § 1203.

5.  That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct;

6.  That the Court issue an Order at the conclusion of the present matter that all infringing copies of carpets and area rugs be seized, impounded and destroyed.

7.  That the Court award Plaintiff its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

8.  That the Court award Plaintiffs its costs of suit incurred herein.

9.  That Plaintiff be awarded such other relief as may be appropriate, including costs of corrective advertising.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Dated: November 13, 2022

**ONAL GALLANT & PARTNERS, PC**

By: <u>/s/ Crew Schielke</u>
Crew Schielke, Esq.
crew@ogplawfirm.com

619 River Drive, Suite 340
Elmwood Park, New Jersey 07407
Tel: 201-508-0808
Fax: 212-409-8200

**ATTORNEY FOR PLAINTIFF**

OTH2090

EXHIBIT 1



OTH2092

# EXHIBIT 2



OTH2095

EXHIBIT 3



# Certificate No.

# VA 2-091-573

# EXHIBIT 4

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kay~ Tayle Clayatt*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-091-573

**Effective Date of Registration:**
March 05, 2018

## Title
_____

Title of Work: OTH2090 (or OTH2092, or OTH2095)

## Completion/Publication
_____

Year of Completion: 2013
Date of 1st Publication: November 27, 2013
Nation of 1st Publication: Turkey

## Author
_____

- Author: DINARSU Imalat ve Tic. T.A.S.
  Author Created: 2-D artwork
  Work made for hire: Yes
  Citizen of: Turkey

## Copyright Claimant
_____

Copyright Claimant: Ottomanson, Inc.
100 Industrial Road, Carlstadt, NJ, 07072, United States
Transfer statement: By written agreement

## Certification
_____

Name: Vladimir Tsirkin
Date: March 05, 2018

# INFRINGING RUG #1

# EXHIBIT 5



# INFRINGING RUG #2

# EXHIBIT 6



# INFRINGING RUG #3

# EXHIBIT 7

